Case 2:21-cv-00118-ACE    ECF No. 22    filed 01/12/23    PageID.1197    Page 1 of 10

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 12, 2023
SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICIA B., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:21-CV-00118-ACE <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> ECF Nos. 16, 20 |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 16, 20. Attorney Dustin D. Deissner represents Patricia B. (Plaintiff); Special Assistant United States Attorney Michael J. Mullen represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 12. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

On May 10, 2019, Plaintiff filed an application for Disability Insurance Benefits alleging disability since June 25, 2017, due to lower right back pain, nerve pain, and chronic pain. Tr. 144, 178. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Mark Kim held a hearing

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

on August 28, 2020, Tr. 30-52, and issued an unfavorable decision on October 19, 2020, Tr. 15-25.  The Appeals Council denied Plaintiff's request for review on January 19, 2021.  Tr. 1-6.  The ALJ's October 2020 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on March 19, 2021.  ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was 43 years old on the disability onset date, June 25, 2017.  Tr. 144.  Plaintiff's disability report indicates she completed 2 years of college by 2012, Tr. 179, worked as a nursing assistant from 2013 to 2017, Tr. 179, and stopped working on June 25, 2017, because of her condition, Tr. 178.

Plaintiff testified at the administrative hearing on August 28, 2020, that she was not able to work because of a weight (lifting) restriction of 25 pounds and an inability to stand longer than 30 minutes at a time.  Tr. 35.  She stated she had constant, excruciating pain (sciatic nerve pain down her right leg and in the middle of her back), Tr. 35, 42-43, and indicated that the pain interfered with her ability to concentrate, Tr. 36-37, 43.  Plaintiff testified she could stand in one place for 30 minutes, Tr. 39, sit for about 20 to 30 minutes at one time, Tr. 39, lift up to 25 pounds, Tr. 40, and walk about half-a-block, Tr. 44.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at

1098.  Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four, the claimant bears the burden of establishing a prima facie case of disability benefits.  *Tackett*, 180 F.3d at 1098-1099.  This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work.  20 C.F.R. § 416.920(a)(4).  If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984).  If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled.  20 C.F.R. § 416.920(a)(4)(v).

///

**ADMINISTRATIVE DECISION**

On October 19, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 25, 2017, the alleged onset date. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: lumbar degenerative disc disease with radiculopathy and sacrococcygeal disorder. Tr. 18.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 18.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform light exertion level work with the following limitations: stand or sit one hour at a time and walk only fifteen minutes at a time; never crawl or climb ladders or scaffolds; occasionally stoop, kneel, and crouch; less than occasionally climb flights of stairs; and avoid excessive vibrations and unprotected heights. Tr. 18.

At step four, the ALJ found Plaintiff was not able to perform any past relevant work. Tr. 23.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of office helper, small product assembler II, and electronics worker. Tr. 24-25.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act from June 25, 2017, the alleged disability onset date, through October 19, 2020, the date of the ALJ's decision. Tr. 25.

///

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred in his evaluation of Plaintiff's subjective symptom complaints. ECF No. 16 at 6-9.

## DISCUSSION

Plaintiff challenges the ALJ's rejection of her subjective complaints of severe pain with activity. ECF No. 16 at 6-9. Defendant responds that the ALJ reasonably discounted Plaintiff's subjective allegations. ECF No. 20 at 4-9.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 19-20.

The ALJ first determined that the objective medical evidence did not support the frequency and severity of Plaintiff's alleged symptoms and limitations. Tr. 20-22. A lack of supporting objective medical evidence is a factor which may be considered in evaluating an individual's credibility, provided it is not the sole

ORDER GRANTING DEFENDANT'S MOTION . . . - 5

factor. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). Moreover, "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). In assessing a Plaintiff's subjective pain and symptom testimony, an ALJ may consider whether the alleged symptoms are consistent with the medical evidence. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007).

As noted by the ALJ, imaging evidence of record reflects no acute abnormalities: an August 2017 MRI of the lumbar spine revealed a new small posterior disc protraction at L2-3 without evidence of nerve root contact and no significant spinal canal or neural foraminal stenosis, Tr. 552; a January 2018 EMG was normal, Tr. 362; a June 2018 MRI of the lumbar spine revealed a small bulging disc at L2-3 without nerve compression, Tr. 371; and an April 2019 MRI revealed only mild multilevel disc and facet degeneration, grossly unchanged compared to the August 2017 imaging, Tr. 496-497. Tr. 20.

Treatment and examination records additionally contradict the degree of limitation alleged by Plaintiff: a June 2017 exam revealed Plaintiff had full muscle strength, was neurovascularly intact, and walked without difficulty, Tr. 436; a July 2017 exam indicated Plaintiff was relatively stable and recommended physical therapy, Tr. 431-432; and Plaintiff demonstrated a normal gait during subsequent examinations, Tr. 324, 330, 332, 334, 342, 360, 370, 375, 399, 403, 406. Tr. 20-21. Plaintiff's treatment plan consisted of physical therapy with pain medications and steroid injections,[1] and, as noted by Defendant, ECF No. 20 at 5, physical therapy notes show that Plaintiff was able to walk up to half a mile, Tr. 1043, 1054, 1057, 1059, 1061, 1064, 1070, 1073, 1080.

---

[1] No provider recommended surgery such as a discectomy or spinal fusion. Tr. 20-22 (*see* Tr. 608).

On October 19, 2019, state agency medical consultant Merry Alto, M.D., reviewed the record and opined that Plaintiff could perform light exertion level work with frequent climbing ramps/stairs, stooping and balancing; occasional climbing of ladders/ropes/scaffolds; occasional kneeling, crouching, or crawling; and some environmental limitations. Tr. 69-71. Dr. Alto noted Plaintiff was independent in activities of daily living and had reported progressing in normal activities with significant improvement in function and symptom reduction. Tr. 67 referencing Tr. 652.

A June 24, 2020 exam for pain management noted the April 2019 MRI was overall "quite good" with mild and minimal results, Tr. 682,[2] and recommended Plaintiff engage in an exercise program that focused on weight loss, conditioning, stretching, and trunk strengthening to alleviate her low back pain, Tr. 683. Tr. 21-22.

An August 27, 2020 examination by Scott Kitchel, M.D., revealed some limitation of spinal range of motion and straight leg raising test on the right produced pain; however, Plaintiff had full muscle strength, no atrophy, and no difficulty arising from a chair, standing erect, heel-and-toe walking or single leg toe raising. Tr. 1097-1098. Dr. Kitchel opined that Plaintiff could return to full, unrestricted work. Tr. 1099.

Based on the foregoing, the Court finds substantial evidence supports the ALJ's finding that Plaintiff's subjective complaints were inconsistent with, and not supported by, the objective medical evidence of record.

The ALJ also determined that the conservative treatment recommended by Plaintiff's treatment providers was inconsistent with her allegations. Tr. 22. Evidence of "conservative treatment" is sufficient to discount a claimant's

---

[2] It was noted that Plaintiff's "MRI and lumbar plain films show very little pathology." Tr. 683.

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

testimony regarding severity of an impairment. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (conservative treatment suggests a lower level of both pain and functional limitation). As indicated above, Plaintiff's treatment consisted of physical therapy with pain medications and steroid injections; no provider recommended surgery. *See* Tr. 608. Plaintiff's conservative treatment during the relevant time period was a legitimate reason for the ALJ to discount her claim of disabling pain and limitations.

The ALJ also indicated the record reflects Plaintiff had improvement with treatment. Tr. 20-22. An ALJ may rely on the effectiveness of treatment to find a plaintiff's testimony unpersuasive. *See e.g. Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (an ALJ may properly rely on a report that a plaintiff's mental symptoms improved with the use of medication); *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (noting impairments that are controlled by treatment cannot be considered disabling). Plaintiff had short-term relief following epidural injections in August 2018, Tr. 20, 21, 353, 410; her physical therapist reported in October 2019 that Plaintiff "is really beginning to show some significant improvement in function and symptoms reduction," Tr. 21, 652; improvement was again noted by her physical therapist in November 2019, Tr. 997; and Plaintiff informed her physical therapist in March 2020 that her tolerances for activities of daily living had improved since beginning therapy, Tr. 21, 1075. The Court finds Plaintiff's improved condition following treatment was an additional valid reason, supported by substantial evidence, for discounting Plaintiff's subjective complaints in this case.

Finally, the ALJ found Plaintiff's reported activities showed greater functional ability than she alleged. Tr. 22. It is well-established that the nature of daily activities may be considered when evaluating credibility. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). For daily activities to discount subjective symptom

ORDER GRANTING DEFENDANT'S MOTION . . . - 8

1    testimony, the activities do not need to be equivalent to full-time work; it is
2    sufficient that a claimant's activities "contradict claims of a totally debilitating
3    impairment." *See Molina v. Astrue*, 674 F.3d 1104, 1112-1113 (9th Cir. 2012).  A
4    claimant, however, need not be utterly incapacitated to receive disability benefits,
5    and completion of certain routine activities is insufficient to discount subjective
6    symptom testimony.  *Id*. at 1112-1113  (noting that a "claimant need not vegetate
7    in a dark room in order to be eligible for benefits" (quotation marks omitted));
8    *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has
9    repeatedly asserted that the mere fact that a plaintiff has carried on certain daily
10   activities, such as grocery shopping, driving a car, or limited walking for exercise,
11   does not in any way detract from her credibility as to her overall disability.").
12         Here, the ALJ specifically identified Plaintiff's ability to provide custodial
13   supervision of her stepdad, take care of the family's pets, cook, and, with the help
14   of her husband, clean the house and do the laundry.  Tr. 22, 243-244.  Plaintiff also
15   reported she regularly went to the store (1-2 times a week), rides with others or
16   drives to shop for groceries, and spends time with her mother-in-law watching
17   movies or having lunch once a week.  Tr. 22, 245-246.  The Court finds that it was
18   reasonable for the ALJ to conclude that Plaintiff's documented activities of daily
19   living were inconsistent with her allegations of disabling pain and thus detracted
20   from her overall credibility.
21         The Court notes Plaintiff has not specifically contested the aforementioned
22   credibility findings by the ALJ.  The Court ordinarily will not consider matters on
23   appeal that are not specifically challenged in an opening brief, *Carmickle*, 533 F.3d
24   at 1161 n.2, and will not "manufacture arguments for an appellant," *Greenwood v.*
25   *Fed. Aviation Admin*., 28 F.3d 971, 977 (9th Cir. 1994).  Nevertheless, as discussed
26   above, the Court finds the ALJ provided clear and convincing reasons, which are
27   fully supported by the record, for finding Plaintiff's symptom allegations were not
28   entirely credible in this case.

ORDER GRANTING DEFENDANT'S MOTION . . . - 9

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of error. Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 20**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for DEFENDANT and the file shall be CLOSED**.

DATED January 12, 2023.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE